# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCCORMICK, | Case No. 1:23-cv-00176-EPG-HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| TRATE, | (ECF No. 13) |
| Respondent. | |

Petitioner Michael McCormick is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 9, 10.) For the reasons discussed herein, the Court will grant Respondent's motion to dismiss and dismiss the petition.

## I.

## BACKGROUND

On January 16, 2016, Petitioner was arrested by the Kentucky State Police Department for a state law violation of trafficking in a controlled substance in Laurel County Circuit Court Case No. 16-CR-00101. (App. 2, 19.)[1] On December 16, 2016, Petitioner was indicted for state law violations of bail jumping and persistent felony offender in Laurel County Circuit Court Case No. 16-CR-00345. (App. 3, 34.) On December 19, 2016, Petitioner was sentenced to an

---

[1] "App." refers to the Appendix lodged by Respondent. (ECF No. 13-1.) App. page numbers refer to the bolded page numbers stamped at the bottom of the page.

1

imprisonment term of eight years for illicit drug trafficking in Case No. 16-CR-00101. (App. 9, 36–40.) On May 2, 2017, Petitioner was sentenced to a consecutive imprisonment term of fifteen years for bail jumping and persistent felony offender in Case No. 16-CR-00345. (App. 4, 45–47.)

Subsequently, Petitioner pleaded guilty in the United States District Court for the Eastern District of Kentucky to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841, 846, in Case No. 6:16-cr-00056. On September 18, 2018, Petitioner was sentenced to an imprisonment term of 188 months. (App. 49–50.) The judgment further stated:

> Pursuant to U.S.S.G. § 5G1.3(b), the sentence is adjusted downward to One Hundred Sixty-Five (165) Months and Fifteen (15) Days to account for the time (675 days) the defendant has served as to the related undischarged state term of imprisonment in Laurel Circuit, Dkt. Number 16-CR-101, and for which the period of imprisonment as to the related state matter will not be credited by the Bureau of Prisons. Additionally, the federal sentence shall run concurrently with the remainder of the related undischarged term of imprisonment in Laurel Circuit, Dkt. Number 16-CR-101, which the Court estimates to be 693 days. The federal sentence shall run consecutively to the undischarged term of imprisonment in Laurel Circuit, Dkt. Number 16-CR-345.

(App. 50.)

Thereafter, the federal sentencing court was advised by the Federal Bureau of Prisons ("BOP") that Petitioner's "original sentence could not be effectuated as written" because "the state sentences had essentially been grouped together, and this made it impossible for [Petitioner] to serve his [federal] sentence consecutive with one state matter and concurrent with the other." Order at 1, 2, United States v. McCormick, No. 6:16-cr-00056 (E.D. Ky. Dec. 13, 2021), ECF No. 479.[2] The federal sentencing court "held a telephonic status conference with counsel . . . to determine the best way to effectuate [Petitioner]'s sentence," and after said status conference, "counsel for [Petitioner] and the United States collaborated and subsequently proposed" the following language:

---

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: ONE HUNDRED EIGHTY-EIGHT (188) MONTHS. Pursuant to U.S.S.G. § 5G1.13(b), the sentence is adjusted downward to One Hundred Forty-Two (142) Months, the defendant served as to the related undischarged state term of imprisonment in Laurel Circuit, Dkt. Number 16-CR101, and for which the period of imprisonment will not be credited by the Bureau of Prisons.

Id. at 1, 2. Subsequently, the federal sentencing court received a letter from Petitioner, in which Petitioner "expressed concern that he was not receiving as much credit for time served on his state sentence as he should have received." Id. at 2. The court ordered Petitioner's counsel to review Petitioner's letter and file a response regarding whether any additional action should be taken before entry of the amended judgment. Petitioner's counsel informed the court "that he had communicated with his client and that 'no additional action is requested of the Court prior to the entry of an amended judgment.'" Id. (citation omitted). On December 13, 2021, the federal sentencing court ordered that Petitioner's judgment be amended, id. at 3, and on January 3, 2022, the amended judgment was issued with the agreed-upon language set forth above, (App. 58).

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1.)[3] On February 6, 2023, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Therein, Petitioner asserts that his due process rights were violated "due to a simple clerical error" made by both the BOP and the federal sentencing court that denied Petitioner an additional ten months of custody credit. (Id. at 3, 6.) Petitioner also appears to request that he receive federal Good Conduct Time for his original sentence 188 months rather than the downward adjusted sentence of 142 months. (Id. at 9.) Respondent filed a motion to dismiss the petition for failure to state a claim and for failure to exhaust administrative remedies. (ECF No. 13.) Petitioner filed an opposition. (ECF No. 16.)

## II.

## DISCUSSION

Petitioner asserts that his due process rights were violated "due to a simple clerical error" made by both the BOP and the federal sentencing court that denied Petitioner an additional ten

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

months of custody credit for time previously served. (ECF No. 1 at 3, 6.) Petitioner purports to contest how his sentence is being executed and credited by the BOP. (ECF No. 1 at 6.) However, in actuality the petition challenges the calculation of the U.S.S.G. § 5G1.3(b) downward adjustment,[4] and the resulting sentence imposed in the amended judgment by the United States District Court for the Eastern District of Kentucky in Case No. 6:16-CR-56. Although "[c]redit for time served is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)," "[a]pplication of section 5G1.3(b) is a matter for the court, not the Bureau, to decide." United States v. Drake, 49 F.3d 1438, 1440 (9th Cir. 1995). Therefore, the appropriate venue to raise such a claim is in the sentencing court,[5] and Petitioner fails to state a claim for relief under 28 U.S.C. § 2241. See Pinson v. Carvajal, 69 F.4th 1059, 1066 (9th Cir. 2023) ("[W]e have consistently held that 'motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.'" (quoting Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)).

To the extent Petitioner asserts that he is entitled to additional federal Good Conduct Time ("GCT") credit,[6] the Ninth Circuit has held that a prisoner "is not eligible for GCT credit for the [time] he spent in state custody—serving a state sentence—before imposition of his

---

[4] The Sentencing Guidelines provide:
> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

United States Sentencing Commission, Guidelines Manual, § 5G1.3(b).

[5] The Court notes that, as set forth in section I, *supra*, Petitioner's concern that the custody credit was being undercounted was previously raised in the federal sentencing court, and Petitioner's counsel was given an opportunity to indicate whether any additional action should be taken before an amended judgment was issued. Counsel informed the sentencing court that he had communicated with Petitioner and no additional action was requested.

[6] "18 U.S.C. § 3624(b)(1) grants the BOP authority to give a prisoner serving a federal sentence up to 54 days of credit on his sentence each year if the BOP determines the prisoner displayed exemplary compliance with institutional disciplinary regulations." Schleining v. Thomas, 642 F.3d 1242, 1246 (9th Cir. 2011).

4

federal sentence" because "a prisoner can receive GCT credit only on time served on his federal sentence, and his federal sentence does not 'commence' until after he has been sentenced in federal court[.]" Schleining v. Thomas, 642 F.3d 1242, 1248 (9th Cir. 2011).[7] Accordingly, Petitioner is not entitled to GCT credit for 188 months rather than 142 months because those additional 46 months were spent in state custody serving a state sentence before Petitioner was sentenced in federal court. Therefore, Petitioner fails to state a claim and is not entitled to habeas relief on this ground.

## III.
## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 13) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **October 23, 2023**             /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

[7] The petitioner in Schleining, like Petitioner here, had his federal sentence adjusted downward pursuant to U.S.S.G. § 5G1.3(b) and argued that he was entitled to GCT credits for time he served in state prison on state charges before he was sentenced on a related charge in federal court. Schleining, 642 F.3d at 1244–46.

5